UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEOFFREY REESE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH FITZPATRICK, as Maine )<br>Department of Corrections )<br>Commissioner, RANDALL )<br>LIBERTY, as Maine State Prison )<br>Warden; and MICHAEL BURNS, )<br>KEVIN COURT, and KYLE )<br>RUFFNER, as individuals, )<br>)<br>Defendants. ) | **Civil No.** _____ |

## COMPLAINT

Plaintiff Geoffrey Reese, through his undersigned counsel, states the following as his Complaint against Defendants Joseph Fitzpatrick and Randall Liberty, in their official capacities, and Michael Burns, Kevin Court and Kyle Ruffner, in their individual capacities:

## INTRODUCTION

1. Mr. Reese, a prisoner at the Maine State Prison, sat alone and unresponsive in his prison cell when corrections officers Michael Burns, Kevin Court and Kyle Ruffner (the "Defendant Officers") opened his food tray slot to unleash *four canisters* of pepper spray into his small cell. Mr. Reese was secured in his single-man cell at the time, partially hidden behind strips of toilet paper that obstructed the cell's window. Mr. Reese posed no threat to corrections officers or prison security because he was alone and fully secured. Nonetheless, the Defendant Officers deployed extreme and excessive force within moments of Mr. Reese's failure to remove the haphazard window coverings. In fact, the Defendant Officers maliciously or sadistically intended to cause Mr. Reese injury as a punishment for trying to advocate for his own rights, and

they were successful in doing so. Mr. Reese was totally debilitated by the excessive dose of pepper spray, and suffered serious burns and extreme pain from his over-exposure to the chemical agent. Those injuries were then exacerbated by a Defendant Officer's malicious refusal to permit Mr. Reese any opportunity to bathe or rinse the residual pepper spray from his skin for the following *three days*. The Defendant Officers' individual acts – which were reasonably foreseeable to the Department of Corrections and the Maine State Prison when the Department chose to insufficiently train its officers on reasonable use of force via pepper spray – violated Mr. Reese's clearly established rights under the Eighth Amendment to the United States Constitution, and the Maine Constitution.

## JURISDICTION AND VENUE

2. This action seeks to vindicate due process rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, and is brought pursuant to 42 U.S.C. § 1983.

3. The Court has federal question jurisdiction of this civil rights action pursuant to 28 U.S.C. § 1331(a) and 28 U.S.C. § 1343(a)(3), (4).

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 2201-2202 to declare rights of the parties and to grant all further relief found necessary and proper.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

6. Plaintiff Geoffrey Reese is a prisoner committed to the custody of the Maine Department of Corrections at the Maine State Prison in Warren, Maine.

7. Defendant Joseph Fitzpatrick is the Commissioner of the Maine Department of Corrections (the "Department"), which oversees operations of the Maine State Prison. Commissioner Fitzpatrick serves as the Department's authorized final decisionmaker for

implementation and/or enforcement of all Department policies and procedures. Mr. Fitzpatrick is sued in his official capacity.

8. Defendant Randall Liberty is the Warden of the Maine State Prison (the "Prison") who is responsible for training corrections officers and implementing the policies and procedures of the Maine State Prison. Mr. Liberty is sued in his official capacity.

9. Defendant Michael Burns, acting as a corrections officer and sergeant at the Maine State Prison, was personally involved in an altercation with Mr. Reese on or about May 6, 2016. Sgt. Burns is sued in his individual capacity.

10. Defendant Kevin Court, acting as a corrections officer and sergeant at the Maine State Prison, was personally involved in an altercation with Mr. Reese on or about May 6, 2016. Sgt. Court is sued in his individual capacity.

11. Defendant Kyle Ruffner, acting as a corrections special operations officer at the Maine State Prison, was personally involved in an altercation with Mr. Reese on or about May 6, 2016 upon information and belief. Officer Ruffner is sued in his individual capacity.

12. Defendants Michael Burns, Kevin Court and Kyle Ruffner are hereinafter collectively referred to collectively as the "Defendant Officers."

## FACTS COMMON TO ALL COUNTS

13. On or about May 6, 2016, Mr. Reese was involved in a use-of-force incident with the Defendant Officers.

14. Prior to the incident, Mr. Reese had been assigned to a single-man cell in a segregated housing unit after arguing with a supervising corrections officer who denied Mr. Reese access to legal research materials he had compiled pertaining to other legal matters.

15. Following his assignment to the segregated housing unit, Mr. Reese requested to speak with the supervising corrections officer to discuss his withheld legal materials.

16. Mr. Reese received no response to his request to communicate with the supervising officer, and assumed the request was ignored or denied.

17. Mr. Reese is known among the prison staff as a prisoner who routinely asserts his lawful rights through the prison's administrative appeal system. Months prior to the subject incident, Mr. Reese had challenged Defendant Court's disciplinary actions in an unrelated administrative appeal of final agency action pursuant to Maine law.

18. Mr. Reese, on May 6, 2016, sought an opportunity to communicate directly with the supervising unit officer regarding the withheld legal materials by presenting himself as unresponsive.

19. Mr. Reese attempted to cover the window of his single-man cell using strips of toilet paper.

20. Defendant Burns and Defendant Court responded outside Mr. Resse's cell door, and ordered the toilet paper to be removed from the window.

21. Mr. Reese recognized Defendant Burns and Defendant Court by voice.

22. Defendant Ruffner, upon information and belief, also responded to Mr. Reese's cell and participated in the incident.

23. Mr. Reese did not immediately respond to the Defendant Officers' orders to remove the toilet paper from the cell window.

24. Mr. Reese's acts – including covering the cell window with toilet paper and failing to immediately respond to Defendant Officers' orders – posed *no threat* to officer safety, the safety of any other prisoner, or to prison security.

25. Mr. Reese did not know, nor should he have known, that covering his windows could initiate a use-of-force confrontation with the Defendant Officers without Mr. Reese demonstrating any aggressive or threatening behavior.

26. The Defendant Officers initiated the use of force within moments of their initial contact with Mr. Reese despite seeing no aggressive behavior and hearing no aggressive behavior.

27. The Defendant Officers, acting without warning or without sufficient warning, deployed an entire canister of pepper spray into Mr. Reese's small cell.

28. Without checking on Mr. Reese's condition to determine whether the initial pepper spray canister had sufficiently debilitated Mr. Reese, the Defendant Officers deployed *three additional* canisters of pepper spray into Mr. Reese's cell in rapid succession.

29. In total, all four canisters of pepper spray were deployed over a period of approximately two minutes.

30. Upon information and belief, the large pepper spray canisters utilized to discipline Mr. Reese within his small, single-man cell are intended for use as a crowd control tool to securely manage large groups of people occupying large common areas or outdoor areas.

31. The Defendant Officers maliciously acted with the intent to injure and/or cause Mr. Reese pain as a punishment for covering his cell windows with toilet paper and/or for failing to immediately respond to the Defendant Officers' orders.

32. Mr. Reese was incapacitated by the Defendant Officers' use of force.

33. Mr. Reese suffered actual injuries from the Defendant Officers' use of force, including skin burns, extreme pain to his eyes and skin, temporary vision loss and restricted breathing from the excessive exposure to a chemical agent within a tightly confined space.

34. After deploying four canisters of pepper spray on Mr. Reese, the Defendant Officers entered Mr. Reese's cell, removed his clothing and placed him in handcuffs.

35. One or more of the Defendant Officers transported Mr. Reese to a medical treatment unit, where a nurse rinsed Mr. Reese's eyes with a saline solution.

36. No decontamination treatment was provided for the chemical agent's residue that remained on Mr. Reese's body.

37. Defendant Burns then refused to permit Mr. Reese to bathe or to otherwise rinse away the residual chemical agent from his skin upon return to a housing unit.

38. Mr. Reese was denied the opportunity to bathe or rinse for a period of three days after the use-of-force incident and denied the opportunity to meet with prison mental health staff.

39. The unnecessarily prolonged contact with the chemical agent's residue exacerbated Mr. Reese's injuries and caused Mr. Reese to endure severe skin burning and itching until the residue was washed away three days later.

40. Requiring Mr. Reese to suffer continued exposure to the chemical agent's residue long after the incident resolved was a malicious act intended to punish Mr. Reese for his conduct by causing him pain and discomfort.

41. Mr. Reese required continuing medical care for the extended exposure to the chemical agent over a period of weeks.

### The Department's Use-of-Force Training and Policies

42. Upon information and belief, the Maine State Prison has no policy or practice regarding permissible and/or prohibited use of chemical agents, such as pepper spray, as a use of force against prisoners.

43. Upon information and belief, the Maine State Prison has no policy or practice regarding prisoners' decontamination following exposure to chemical agents, such as pepper spray.

44. Upon information and belief, similar incidents involving Maine State Prison corrections officers' excessive and malicious use of chemical agents against prisoners who posed

no immediate threat to corrections officers, other prisoners or prison security occurred prior to, and since, the use of force at issue herein.

45. If the Maine State Prison has policies or practices regarding permissible and/or prohibited use of chemical agents, or required decontamination practices, the Maine State Prison failed to sufficiently train the Defendant Officers in those policies and/or practices.

46. Mr. Reese has closely studied the Department's policies and procedures that govern his conduct as a prisoner at the Maine State Prison.

47. The Department has refused to disclose any policies or procedures governing use of force against Department prisoners, such as Mr. Reese.

48. The Department has cited Maine public records laws, 1 M.R.S.A. § 402(3)(Q) and 16 M.R.S.A. § 804(7), to justify denial of use-of-force policies, claiming that disclosure of disciplinary policies would "endanger the life or physical safety of any individual," pursuant to 1 M.R.S.A. § 402(3)(Q).

49. In fact, disclosure of Department policies governing use-of-force protocols against non-violent, non-aggressive prisoners in independent confinement would not endanger any corrections officer, prisoner or prison security.

50. Disclosure of Department policies governing use-of-force protocols against non-violent, non-aggressive prisoners would, however, gives prisoners fair notice to conform their conduct in a manner that can avoid the use of force against them.

51. Mr. Reese has exhausted the administrative remedies available for him to seek redress from the Maine State Prison.

## COUNT I
### 42 U.S.C. § 1983 (Eighth Amendment)
### (Against Defendants Burns, Court and Ruffner)

52. Mr. Reese repeats the allegations above in paragraphs 1 through 51 as if fully set forth herein.

53. Mr. Reese's act of covering his single-man cell's window with toilet paper did not pose any real or reasonably perceived threat to any corrections officer or prisoner, or to prison security.

54. Mr. Reese's refusal to comply with the Defendant Officers' verbal orders to remove the window covering did not pose any real or perceived threat to any officer or prisoner, or to any aspect of prison security.

55. Defendants Michael Burns, Kevin Court and/or Kyle Ruffner, acted under color of state law and Maine State Prison policy or regulation when they deployed four oversized canisters of pepper spray into Mr. Reese's small cell to incapacitate and inflict pain on Mr. Reese for covering his cell window with toilet paper and for refusing to comply with the Defendant Officers' order.

56. One or more of the Defendant Officers' use of force against Mr. Reese was unreasonable under the circumstances because Mr. Reese's conduct did not threaten any person's safety, and did not threaten prison security.

57. One or more of the Defendant Officers' use of force against Mr. Reese was intended to arbitrarily punish Mr. Reese for his conduct.

58. One or more of the Defendant Officers' use of force against Mr. Reese was maliciously and/or sadistically intended to injure Mr. Reese, and to cause him actual injury.

59. It is clearly established law that a prison officer's use of physical force against a noncompliant prisoner whose conduct poses no threat to other persons or to prison security

violates the rights and protections guaranteed by the Eighth Amendment to the United States Constitution.

60. It is clearly established law that a prison officer's malicious or sadistic use of force against any prisoner that is intended to cause injury, and causes actual injury, violates the rights and protections guaranteed by the Eighth Amendment to the United States Constitution.

**COUNT II**
**42 U.S.C. § 1983 (Eighth Amendment)**
**(Against Defendant Burns)**

61. Mr. Reese repeats the allegations above in paragraphs 1 through 60 as if fully set forth herein.

62. Mr. Reese posed no threat to any officer or prisoner at the Maine State Prison, and posed no threat to prison security while he was incapacitated by pepper spray, handcuffed and returned to a housing unit.

63. Defendant Burns, acting maliciously or sadistically and under color of law, caused Mr. Reese to suffer ongoing pain and injury from the pepper spray residue that remained on his skin by denying Mr. Reese the opportunity to bathe or otherwise rinse the residue from his skin for a period of three days.

64. The forced and prolonged exposure to the pepper spray residue caused Mr. Reese actual injury through aggravated skin burns, altered vision and ongoing restricted breathing capacity.

65. It is clearly established law that a prison officer's malicious of sadistic use of force against any prisoner intended to cause injury, and causing actual injury violates the rights and protections guaranteed by the Eighth Amendment to the United States Constitution.

**COUNT III**
**42 U.S.C. § 1983 (Eighth Amendment)**
**(Against Defendants Fitzpatrick and Liberty)**

66. Mr. Reese repeats the allegations above in paragraphs 1 through 65 as if fully set forth herein.

67. The Maine Department of Corrections, acting under color of law through Defendant Fitzpatrick, and the Maine State Prison, acting under color of law through Defendant Liberty, failed to train the Defendant Officers on the reasonable and prohibited uses of force against nonresponsive prisoners when it failed to implement policies governing use of force on prisoners via chemical agents, or failed to ensure all prison officers were adequately trained on the Department's use of force policies on or about May 6, 2016.

68. The Maine Department of Corrections and the Maine State Prison failed to train the Defendant Officers on the necessary decontamination procedures for prisoners exposed to chemical agents such as pepper spray when it failed to implement policies governing decontamination procedures, or failed to ensure all prison officers were adequately trained on the Department's chemical decontamination policies on or about May 6, 2016.

69. The Maine Department of Corrections' failure to implement policies or sufficiently train prison officers on the reasonable use of force via chemical agents or on the necessary decontamination after exposure to chemical agents amounts to the Department's deliberate indifference to the rights of prisoners, like Mr. Reese, with whom prison officers routinely engage.

70. The need for detailed policies and procedures on the reasonable use of force via chemical agents or on the necessary decontamination after exposure to chemical agents is closely related to Mr. Reese's injury that was caused by the excessive and malicious use of pepper spray against him, and Mr. Reese's deliberately prolonged exposure to the pepper spray residue.

71. Any of the Defendant Officers' violation of Mr. Reese's Eighth Amendment rights was reasonably foreseeable to the Department of Corrections and/or the Maine State Prison because the Department authorized and equipped prison officers to carry and utilize chemical agents like pepper spray against prisoners.

## COUNT IV
### 42 U.S.C. § 1983 (Substantive Due Process)
### (Against Defendants Fitzpatrick and Liberty)

72. Mr. Reese repeats the allegations above in paragraphs 1 through 71 as if fully set forth herein.

73. Alternatively, if the Department of Corrections and/or the Maine State Prison has any policy or procedure on use of force against prisoners via chemical agents, the Department has violated Mr. Reese's due process rights to sufficient notice and fair warning of that policy and/or procedure.

74. The Department of Corrections, acting under color of law through Defendant Fitzpatrick, and/or the Maine State Prison, acting under color of law through Defendant Liberty, refuse to disclose to prisoners any Department policy related to permissible or prohibited use of force on prisoners via chemical agent.

75. The Department and/or Prison's refusal to disclose any use-of-force policy in effect denies Mr. Reese the opportunity to conform his future conduct in a manner to avoid being pepper sprayed.

76. Mr. Reese's inability to conform his conduct to avoid from being pepper sprayed was a reasonably foreseeable result of the policy prohibiting disclosure of any use-of-force policy, and the ongoing refusal to disclose the policy places Mr. Reese at risk of future harm.

77. The Department and/or Prison's ongoing refusal to disclose any use-of-force policy in effect renders the policy (or policies) void for vagueness because the secret policy insufficiently defines its prohibitions.

78. The Department and/or Prison's ongoing refusal to disclose any use-of-force policy is an established policy or practice of the Department authorized by Defendant Fitzpatrick and/or Defendant Liberty as the final decision maker, and not a rogue and unauthorized act.

## COUNT V
## 5 M.R.S.A. § 4682 (Maine Constitution, Art. 1, § 9)
### (Against All Defendants)

79. Mr. Reese repeats the allegations above in paragraphs 1 through 78 as if fully set forth herein.

80. The above-described conduct of the Defendant Officers and/or Defendant Fitzpatrick denied Mr. Reese of his rights, guaranteed by the Maine Constitution, Art. 1, § 9, to be free from infliction of cruel and unusual punishment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Geoffrey Reese respectfully requests that the Court:

1. Declare that Defendants Michael Burns, Kevin Court and/or Kyle Ruffner, violated Mr. Reese's clearly established Eighth Amendment rights and Maine constitutional rights when they maliciously and arbitrarily deployed four crowd-control-sized canisters of pepper spray into Mr. Reese's small cell to incapacitate and cause pain to Mr. Reese for covering his cell window with toilet paper and for refusing to comply with the Defendant Officers' order.

2. Declare that Defendants Michael Burns, Kevin Court and/or Kyle Ruffner, violated Mr. Reese's clearly established Eighth Amendment rights and Maine constitutional rights when they maliciously caused Mr. Reese to endure ongoing pain and injury from residual

chemical agent residue on Mr. Reese's skin when they refused to permit Mr. Reese to bathe or otherwise rinse the residue for a period of three days.

3. Declare that the Maine Department of Corrections and the Maine State Prison, acting through Defendant Joseph Fitzgerald, violated Mr. Reese's Eighth Amendment rights and Maine constitutional rights when it failed to properly train prisoner officers who foreseeably engaged with prisoners such as Mr. Reese on prohibited uses of force via chemical agent to punish or control nonaggressive prisoners who pose no threat to officer safety, prisoner safety, or general prison security.

4. Declare that the Maine Department of Corrections and the Maine State Prison, acting through Defendant Joseph Fitzgerald and/or Randall Liberty, violated Mr. Reese's clearly established due process rights when it established and enforced the Department of Corrections' policy prohibiting disclosure of any Department of Corrections use-of-force policy, if any.

5. Enjoin Commissioner Fitzgerald, Warden Liberty, the Department of Corrections and the Maine State Prison to adopt and implement policies governing reasonable use of force via chemical agents, and to properly train corrections officers on those use-of-force policies.

6. Enjoin Commissioner Fitzgerald, Warden Liberty, the Department of Corrections and/or the Maine State Prison from denying any prisoner access to any Department use-of-force policy in effect.  Alternatively, declare that Department's secret use-of-force policies are void for vagueness because prisoners are denied the reasonable notice or opportunity to conform their conduct within the policy.

7. Award Mr. Reese compensatory damages for physical harm in an amount determined to be reasonable, award Mr. Reese's costs and attorney's fees pursuant to 42 U.S.C. § 1988(b), and award such other relief that the Court deems just and proper.

Dated at Portland, Maine this 11th day of October, 2018.

                         GEOFFREY REESE

                            By his attorneys,

                     /s/ James G. Monteleone_____
                     David A. Soley
                     James G. Monteleone

                     BERNSTEIN SHUR
                     100 Middle Street, P.O. Box 9729
                     Portland, ME  04104-5029
                     (207) 774-1200
                     Email: dsoley@bernsteinshur.com
                              jmonteleone@bernsteinshur.com


                     /s/ Zachary L. Heiden_____
                     Zachary L. Heiden
                     Emma E. Bond

                     AMERICAN CIVIL LIBERTIES UNION OF
                     MAINE FOUNDATION
                     121 Middle Street, Suite 303
                     Portland, Me 04103
                     (207) 619-6224
                     Email: zheiden@aclumaine.org
                              ebond@aclumaine.org

## CERTIFICATE OF SERVICE

The undersigned certifies that he has electronically filed this date the foregoing Complaint with the Clerk of the Court using the CM/ECF system, and electronically mailed a copy of the Complaint to the Maine Attorney General's Office.

Dated: October 11, 2018

                                                _/s/ James G. Monteleone_____
                                                James G. Monteleone