UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEOFFREY REESE, | ) |
| | ) |
|     Plaintiff | ) |
| v. | )    No. 1:18-cv-00421-JDL |
| | ) |
| RANDALL LIBERTY et al., | ) |
| | ) |
|     Defendants | ) |

*MEMORANDUM DECISION AND ORDER ON MOTION TO REDACT*

On October 12, 2020, I issued a Memorandum Decision and Order on Motion to Amend ("Decision") (ECF No. 66) in which I directed the Clerk of the Court to seal the Decision and the parties to notify me by October 26, 2020, whether the Decision contained any confidential information that should remain sealed. *See* Decision at 12-13. If so, I instructed the parties to indicate explicitly what language was proposed to be redacted with due regard to the public's interest in access to court proceedings. *See id.*

The defendants have proposed redactions to three sentences in the Decision. *See generally* Defendants' Motion to Redact Portions of Memorandum Decision and Order on Motion to Amend ("Motion") (ECF No. 68) & Exh. A (ECF No. 68-1) thereto. They argue that the information they seek to redact relates to "sensitive prison policies and procedures that govern" dangerous situations and that the safety of prison personnel necessitates shielding the information from public view. Motion at 1-2. The plaintiff, on the other hand, argues that that the strong interest in public access weighs against any redaction because the Decision "does not contain any language that shines new light on otherwise confidential Department [of Corrections] policies[.]" Plaintiff's Opposition to

1

Defendants' Motion to Redact Portions of Memorandum Decision and Order ("Opposition") (ECF No. 71) at 1-2.

Common law has long recognized the public's presumptive right of access to judicial records. *See In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). Such access "helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies." *Id.* (citation and internal quotation marks omitted); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (noting that the presumption of public access is even stronger when the government is a party). Nevertheless, courts retain the discretion to curtail public access when judicial records might "become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). In such circumstances, courts must "weigh the presumptively paramount right of the public to know against the competing . . . interests at stake." *Standard Fin. Mgmt. Corp.*, 830 F.2d at 410.

This weighing of interests is unnecessary for two of the defendants' proposed redactions, however, because they target information already made public in the defendants' filings in this case. Indeed, although the defendants are correct that two sentences in the Decision discussing a June 2016 email from defendant Troy Ross (ECF No. 61-3) and a February 2020 deposition of Ross (ECF No. 61-2) briefly describe cell extraction training, practices, and policies, *see* Motion at 1, the sentences reveal no information that was not already revealed in the defendants' non-sealed and unredacted responses to the plaintiff's motion to amend. *Compare* Decision at 7-8 *with* Defendants' Opposition to Plaintiff's Second Motion to Amend ("Opposition to Motion to Amend") (ECF No. 51) at 6-9 *and* Defendants' Surreply in Further Opposition to Plaintiff's

Motion to File Second Amended Complaint ("Surreply") (ECF No. 65) at 2-5.[1]  Accordingly, I decline to adopt the defendants' proposed redactions of these two sentences.  *See Madigan v. Webber Hosp. Ass'n*, No. 2:11-cv-94-JAW, 2012 WL 666097, at *1 (D. Me. Feb. 27, 2012) (declining to redact information that the parties had "already made public in their non-sealed or redacted filings pertaining to the motion to amend").

That leaves only the defendants' proposed redaction to a sentence in the Decision discussing June 2016 meeting notes (ECF No. 61-4).  Unlike the two sentences discussed above, the sentence regarding the meeting notes does provide more information than is publicly available in the parties' filings.  *See generally* Plaintiff's Motion to File Second Amended Complaint (ECF No. 49); Opposition to Motion to Amend; Surreply.  The defendants point out that the sentence describes "proposed changes" to the Department of Corrections cell extraction policy, Motion at 1; the plaintiff counters that the sentence does not provide "any confidential information regarding actual Department policies[,]" Opposition at 3.  Although the sentence describes only a proposed change, the disclosure of that proposed change raises the same concern I expressed in an earlier order designating certain Department of Corrections policies confidential and for attorneys' eyes only; namely, that it might allow a prisoner to accurately predict how prison staff will act, thereby putting the prison staff in danger.  *See* Memorandum Decision and Order on Defendants' Motion to Retain Confidentiality Designations (ECF No. 40) at 7.

With this concern in mind, I conclude that the safety of prison staff is a compelling reason to redact the sentence describing proposed changes to the Department of Corrections' cell extraction policy.  This interest outweighs the interests of public access, particularly where the

---

[1] I note that the defendants specifically waived confidentiality designations "to the extent that confidential materials [were] summarized or quoted" in their opposition to the plaintiff's motion to amend.  Opposition to Motion to Amend at 2 n.1.

redacted information is not necessary to the public's understanding of the Decision. *See Wilkinson v. Austin*, 545 U.S. 209, 227 (2005) (describing the government's "dominant" interest in ensuring "the safety of guards and prison personnel, the public, and the prisoners themselves"); *cf. Madigan*, 2012 WL 666097, at *1 (declining to redact information where redaction "would impede the public's understanding of the grounds for the Decision").

For the foregoing reasons, I **GRANT** the Motion in part and **DENY** it in part as follows. I adopt the defendants' proposed redaction to the sentence discussing proposed changes to Department of Corrections policy and decline to adopt the defendants' other proposed redactions. Assuming that no objection is made within 14 days as provided below, the Court shall file a public version of the Decision, redacted in accordance with this order, on the CM/ECF Docket.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 15th day of November, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge